James W. Moller
attyjmoller@aol.com
8655 SW Citizens Dr., Ste. 104
Wilsonville, OR 97070
(971) 224-4195
Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT F. TAYLOR II,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 2:14-cv-70-CKD<br><br>STIPULATION AND ORDER SETTLING ATTORNEYS FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 § 2412(d) |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00), under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), and costs in the amount of TWO HUNDRED DOLLARS ($200.00), 28 U.S.C. § 1920.  These amounts represent compensation for all legal services and costs rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

After the Court issues an order for EAJA fees, expenses and costs to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses and costs to Plaintiff's attorney.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees, expenses and costs are subject to any

Stip. & Prop. Order Settling Attorney Fees And Costs Pursuant to EAJA; 2:14-cv-70-CKD

1

offset allowed under the United States Department of Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees costs to be made directly to James W. Moller, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, expenses and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses and costs in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. §406, subject to the provisions of the EAJA.

Dated: June 11, 2014

Respectfully submitted,
*/s/ James W. Moller*
JAMES W. MOLLER
Of Attorneys for Plaintiff

Dated: June 11, 2014

BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration

By: /s/ Scott J. Borrowman
(as approved by email dated 6/11/14)
SCOTT J. BORROWMAN
Special Assistant U.S. Attorney

Attorneys for Defendant

Stip. & Prop. Order Settling Attorney Fees And Costs Pursuant to EAJA; 2:14-cv-70-CKD

2

1
2                                              <u>ORDER</u>
3
4   APPROVED AND SO ORDERED:
5
6   Dated:  June 15, 2014
                                               _____
7                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stip. & Prop. Order Settling Attorney Fees And Costs Pursuant to EAJA; 2:14-cv-70-CKD